**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**VALERIE ARROYO,**

        Plaintiff,

**v.**                                                                      **CIVIL ACTION NO. 3:22-cv-195**
                                                                            **(GROH)**

**SHAWNTAE KELLY, in her personal capacity,**
**LEAH KELLY, in her personal capacity,**
**KEVIN WARE, in his personal capacity,**
**BONNIE KACKLEY, in her personal capacity,**
**SGT. SCOTT A. NAZELROD, in his personal**
**capacity and in his official capacity, State of**
**West Virginia Police, DANIEL M. JAMES,**
**Assistant Attorney General in his official**
**capacity and in his personal capacity,**
**PATRICK MORRISEY, West Virginia Attorney**
**General,**

        Defendants.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Pending before the Court is pro se Plaintiff Valerie Arroyo's Motion [ECF No. 2]

for Leave to Proceed in Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma*

*pauperis*, the undersigned must conduct a preliminary review to determine whether

Plaintiff's Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. §

1915(e)(2)(B). Because Plaintiff's Complaint lacks standing, lacks subject-matter

jurisdiction, or fails to state a claim upon which relief can be granted, the undersigned

---

[1] This Motion was referred to the undersigned by order of Judge Groh on December 12, 2022. ECF No. 4.

recommends that Plaintiff's Complaint be DISMISSED, without prejudice, and Plaintiff's Motion to Proceed in Forma Pauperis be DENIED as moot.

## II.    THE COMPLAINT

Israel "Izzy" Kelly passed away on July 24, 2021, at only two years of age, drowning in a pool located at her Aunt Leah Kelly's residence in Morgan County, West Virginia. ECF No. 1 at 1, 3–4. Later that day, Plaintiff Valerie Arroyo, the victim's grandmother, received a phone call informing her of Izzy's death. Id. at 3. Plaintiff Arroyo now brings a wrongful death or personal injury action, filed on November 28, 2022. Id. at 1–3. In her Complaint, Plaintiff asserts that Izzy may have been in the water for as long as eight to eighteen minutes before anyone found her body, putting into question what her adult supervisors were doing during that time. Id. at 3. Defendants Leah Kelly, Kevin Ware, Bonnie Kackley, and Shawntae Kelly were all at the residence when Izzy died.[2] Id. at 3–4.

The State's investigation into the drowning was closed sometime before Izzy's funeral on August 2, 2021. ECF No. 1 at 3. The death was ruled an accident by investigators, and no criminal charges were filed. Id. West Virginia State Police Sgt. Scott A. Nazelrod and Daniel M. James, the Morgan County Prosecuting Attorney,[3] were also named as Defendants in this action. According to Plaintiff, they allegedly oversaw the investigation in some manner, and Plaintiff met with them for an update on the investigation. Id. at 4. Ultimately, it does not seem that Plaintiff was satisfied with

---

[2] As noted above, Leah Kelly is Izzy's aunt and the owner of the residence. Id. at 3. Kevin Ware is Leah Kelly's boyfriend, and Bonnie Kackley is Kevin Ware's sister. Id. at 3–4. Shawntae Kelly is Izzy's mother. Id. at 4.

[3] In the Complaint, Plaintiff describes Defendant Daniel M. James as the "Assistant Attorney General of West Virginia." The undersigned notes that Defendant James is the Morgan County Prosecuting Attorney.

how the investigation was conducted and with Defendant James's decision to not file criminal charges. Id. at 3–4. Plaintiff claims to have suffered emotionally and mentally and notes that it has been difficult to move forward without having any closure or justice. Id. at 4. Plaintiff requests copies of the medical, toxicology, autopsy, and witness reports from the investigation as well as any video evidence. Id. at 3–4. Additionally, for relief, Plaintiff seeks monetary damages "for an undisclosed amount" but exceeding "millions" of dollars as well as a court order for a federal investigation into Izzy's death. Id. at 4.

Plaintiff asserts diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[4] ECF No. 1 at 1–3. According to the addresses listed in the Complaint, Plaintiff is a resident of North Carolina and, with the exception of Kevin Ware, a Virginia resident, all other Defendants are residents of West Virginia, including Izzy's mother, Shawntae Kelly. Id. at 2. Thus, for purposes of the decedent's domicile, Izzy was a citizen of West Virginia.

### III.    LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with the request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to

---

[4] While pro se Plaintiff incorrectly cites 28 U.S.C. § 1331 as the basis for subject-matter jurisdiction, it is apparent to the undersigned from the pleading that the Plaintiff seeks to utilize diversity subject-matter jurisdiction under § 1332 for her state law claim(s), as she references diversity of citizenship in the Complaint and civil cover sheet. See ECF No. 1 at 2; ECF No. 1-1.

ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. Furthermore, if a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court").

When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts must read pro se allegations in a liberal fashion and hold those pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "the requirement of liberal construction does not mean that the court can

ignore a clear failure . . . to allege facts which set forth a claim currently cognizable" in federal court. Gamache v. F.B.I., 2011 WL 4966281, at *1 (D.S.C. Apr. 19, 2011).

As stated above, 28 U.S.C. § 1915(e)(2)(B)(ii) permits the court to dismiss a complaint that "fails to state a claim on which relief may be granted." To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain enough facts to state a claim for relief that is "plausible" on its face, rather than merely "conceivable." Id. at 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)).

## IV.    DISCUSSION

Plaintiff did not cite a specific civil cause of action under state or federal law in her Complaint. But giving the Complaint liberal construction, the undersigned is able to discern two potential causes of action sounding in West Virginia law under diversity jurisdiction. First, Plaintiff's intention may be to assert a wrongful death claim pursuant

to the West Virginia wrongful death statute. <u>See</u> W. Va. Code §§ 55–7–5, 55–7–6. Alternatively, Plaintiff may be trying to assert a negligent infliction of emotional distress claim under state common law. The undersigned will address each potential claim in turn.

### A.   Wrongful Death

To begin, Plaintiff, who has brought suit solely "in her personal capacity," lacks standing to assert a wrongful death claim under West Virginia law. <u>See</u> ECF No. 1 at 2. The relevant portion of the West Virginia wrongful death statute states that "[e]very such action shall be brought by and in the name of the personal representative of such deceased person." W. Va. Code § 55–7–6(a). "This statute has been construed to require dismissal of plaintiffs in their individual capacities." <u>See</u> <u>Moore v. Ferguson</u>, 2015 WL 3999596, at *6 (S.D.W. Va. July 1, 2015); <u>Jones v. George</u>, 533 F.Supp. 1293, 1307 (S.D.W. Va. 1982) (dismissing the plaintiff in her individual capacity in wrongful death action and ruling that she "may only pursue a wrongful death claim as the duly-appointed personal representative of the decedent's estate").

Here, Plaintiff has not alleged that she is the appointed personal representative of the decedent. Rather, Plaintiff alleges that she is bringing suit in her personal capacity. <u>See</u> ECF No. 1 at 2. Accordingly, to the extent Plaintiff is pursuing a wrongful death claim, her claim should be dismissed without prejudice for lack of standing.

But even assuming for purposes of the present discussion that Plaintiff is the personal representative of the decedent, a separate jurisdictional issue arises. A federal district court has original jurisdiction over a civil case when the case raises a federal question under 28 U.S.C. § 1331 or satisfies the requirements of diversity jurisdiction

6

under 28 U.S.C. § 1332. <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 552 (2005). Plaintiff's claims do not "aris[e] under the Constitution, laws, or treaties of the United States" for purposes of raising a federal question to establish this Court's jurisdiction. 28 U.S.C. § 1331. That leaves § 1332 diversity as the only jurisdictional avenue. The diversity statute grants federal district courts jurisdiction when "the matter in controversy exceeds … $75,000 ... and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). Further, the diversity statute provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).

Federal courts have determined that the personal representative in a West Virginia wrongful death action is the "legal representative of the estate of a decedent" for purposes of analyzing § 1332(c)(2). <u>See</u> <u>Thomas v. Brooks Run Mining Co.</u>, 504 F.Supp.2d 121, 123–29 (S.D.W. Va. 2007); <u>Brumfield v. Farley</u>, 243 F. Supp. 2d 574, 575–76 (S.D.W. Va. 2002). The court in <u>Thomas</u> reasoned that § 1332(c)(2) requires courts to focus on "the representative capacity of the person bringing the action, rather than on whether the action was brought for the benefit of the decedent's estate." 504 F.Supp.2d at 127. It observed that, under West Virginia law, the personal representative "must generally be the administrator of the estate appointed by the appropriate County Commission." <u>Id.</u> The court concluded that "the personal representative who brings a West Virginia wrongful death suit is the legal representative of the decedent's estate, even though the suit is brought on behalf of the statutory beneficiaries and not the estate."[5] <u>Id.</u>

---

[5] Citing § 55-7-6(a), "the West Virginia Supreme Court has recognized that the personal representative owes a fiduciary obligation to the beneficiaries of the deceased since the personal representative is only a

Thus, a plaintiff bringing a West Virginia wrongful death action in federal court as the personal representative of the decedent takes the citizenship of the decedent for diversity purposes under § 1332(c)(2), and Plaintiff's personal domicile is irrelevant. See Thomas, 504 F.Supp.2d at 127; Brumfield, 243 F. Supp. 2d at 576. Meaning, as applied to this claim, Plaintiff would be a citizen of West Virginia, as that was Izzy's citizenship. Because some of the Defendants are West Virginia citizens, there is not complete diversity of citizenship between the parties.

In sum, to the extent Plaintiff seeks to bring a wrongful death claim as the personal representative of the decedent, the claim should be dismissed for lack of either federal question or diversity subject-matter jurisdiction. Insofar as Plaintiff brings this wrongful death claim as a potential beneficiary in her personal capacity, she lacks the standing to do so for the reasons previously discussed.

### B.    Negligent Infliction of Emotional Distress

While Plaintiff's wrongful death claim fails, West Virginia common law allows a plaintiff to bring a negligent infliction of emotional distress claim based on the same factual circumstances that give rise to a wrongful death claim. See Stump v. Ashland, Inc., 499 S.E.2d 41, 51–52 (W. Va. 1997) (reasoning that wrongful death action seeking damages for "mental anguish" resulting from decedent's death alone is not duplicative of action for negligent infliction of emotional distress, which provides for recovery in special circumstances where the plaintiff suffers from extreme shocks). Further, unlike a wrongful death claim, a negligent infliction of emotional distress claim is brought by a

---

nominal party and any recovery passes to the beneficiaries designated in the wrongful death statute and not to the decedent's estate." Harris v. Onyx Indus. Servs., 2007 WL 1266145, at *6 (S.D.W. Va. May 1, 2007); McClure v. McClure, 403 S.E.2d 197, 202 (W. Va. 1991).

plaintiff in his or her individual capacity and is therefore not subject to the § 1332(c)(2) citizenship requirement. In other words, for purposes of a negligent infliction of emotional distress claim, Plaintiff can bring suit in her individual capacity and would be deemed a citizen of North Carolina, establishing diversity jurisdiction, as no Defendant is a citizen of North Carolina and the amount in controversy exceeds $75,000.

That said, Plaintiff has not alleged sufficient facts to plausibly state a negligent infliction of emotional distress claim. Claims for negligent infliction of emotional distress based on mental/emotional injury alone, have been recognized only in very limited circumstances under West Virginia law: (1) when the plaintiff witnessed a person closely related to him suffer critical injury or death as a result of the defendant's negligent conduct, Heldreth v. Marrs, 425 S.E.2d 157 (W. Va. 1992); (2) when the defendant negligently exposed the plaintiff to disease, causing emotional distress based on "fear of contracting a disease," Marlin v. Bill Rich Constr., Inc., 482 S.E.2d 620 (W. Va. 1996); and (3) for the defendant's negligence in mishandling a corpse, Ricottilli v. Summersville Mem'l Hosp., 425 S.E.2d 629 (W. Va. 1992). "The essence of the tort of negligent infliction of emotional distress 'is the shock caused by the perception of an especially horrendous event.'" Stump, 499 S.E.2d at 51 (quoting Gates v. Richardson, 719 P.2d 193, 199 (Wyo.1986)). "'It is more than the shock one suffers when he learns of the death or injury of a child, sibling or parent over the phone, from a witness, or at the hospital. It is more than bad news.'" Id.

This Complaint does not implicate any of the limited circumstances in which a negligent infliction of emotional distress claim has been recognized in West Virginia. Plaintiff has not alleged that she witnessed her granddaughter drown. According to

Plaintiff, Defendants Leah Kelly, Kevin Ware, Bonnie Kackley, and Shawntae Kelly were the only adults at the residence when Izzy passed. ECF No. 1 at 3–4. Plaintiff was not present that day to witness anything. Rather, Plaintiff alleges that she received a phone call informing her of Izzy's death. Id. at 3. There is likewise no allegations in the Complaint that any of the Defendants negligently exposed Plaintiff to disease or mishandled Izzy's corpse. Plaintiff does not have a cause of action against a state law enforcement official for conducting an unsatisfactory investigation or against the prosecuting attorney and the state attorney general for failing to file criminal charges related to Izzy's death. These facts, while deeply saddening, do not amount to a claim of negligent infliction of emotional distress against any of the Defendants under West Virginia law. Accordingly, to the extent Plaintiff attempts to assert a negligent infliction of emotional distress claim, it should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned finds that Plaintiff's Complaint lacks standing, lacks subject-matter jurisdiction, or fails to state a claim upon which relief can be granted. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed in Forma Pauperis be **DENIED AS MOOT.**

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections

should also be submitted to the Honorable GINA M. GROH, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record, if any, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

**DATED:** January 20, 2023

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE